IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHARLES D. PIERCE, | CV 10–62–M–DWM–JCL |
| Plaintiff, | |
| vs. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Charles Pierce ("Pierce") brings this action under 42 U.S.C. §

405(g) seeking judicial review of the decision of the Commissioner of Social

Security ("the Commissioner") denying his application for disability insurance

benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-

433.  This matter comes before the Court on the Plaintiff's motion for summary

judgment.  (Doc 19.)  Magistrate Judge Jeremiah C.  Lynch entered Findings and

Recommendations on September 29, 2014, recommending the Court deny Pierce's

motion for summary judgment and affirm the Commissioner's decision.  (Doc 24.)

The parties are entitled to *de novo* review of the specified findings or

1

recommendations to which they object.  28 U.S.C. § 636(b)(1).  The Court reviews

the findings and recommendations that are not specifically objected to for clear

error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309,

1313 (9th Cir. 1981).  As neither party has objected to the findings or

recommendations, the Court will engage in clear error review.  Clear error exists if

the Court is left with a "definite and firm conviction that a mistake has been

committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).  As the

parties are familiar with the factual and procedural background, it will not be

restated here.

Pierce argues as a threshold matter that the administrative law judge

("ALJ") erred by adhering to the traditional five-step sequential evaluation process

in determining that he was not disabled and that he should have applied the

medical improvement standard used in continuing disability review cases.  *See* 42

U.S.C. § 423 (stating that if there has been a final agency decision finding a

claimant disabled, the agency must periodically conduct continuing disability

reviews to determine whether the claimant continues to meet the Act's disability

requirements).  Pierce insists that the ALJ's July 2010 decision granting his March

2009 benefit application was final, and the ALJ who authored the April 2012

decision on remand thus erred by not applying the medical improvement standard.

As Judge Lynch correctly concludes, however, the ALJ's July 2010 decision never became final because the Appeals Council timely initiated review of that decision on September 8, 2010, within the applicable 60-day window as governed by 20 C.F.R. § 404.469(a). As the ALJ's favorable decision from July 2010 never became final, the medical improvement standard did not apply, and the ALJ correctly evaluated Pierce's consolidated applications on remand pursuant to the traditional five-step sequential evaluation process.

Pierce further insists that the ALJ erred by not including "enopthalmos of the right side with asymmetric orbital rim and blurred vision" as a severe impairment. An impairment may be considered non-severe if the evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). The claimant bears the burden of establishing the severity of an alleged impairment. 20 C.F.R. § 416.908. Here, after a thorough decision of the medical evidence, the ALJ reasonably found that while Pierce had a medically determinable right eye impairment, the impairment was not severe because it did not have more than a minimal effect on his ability to work and Pierce engaged in a variety of post-alleged onset date work activities without any apparent visual problems. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (restating

3

the rule that the Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error).

Pierce next argues that the ALJ erred by not specifically considering whether he met the criteria for presumptive disability under Listing 12.07 for somatoform disorders. (Doc. 21 at 17.) As Pierce did not point to any evidence that he had been diagnosed with a somatoform disorder or that he qualified under that listing, Judge Lynch correctly accepted that the ALJ was not required to specifically consider whether Pierce's impairments met the criteria. *See e.g. Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).

Pierce also argues that the ALJ erred by not following the special technique for evaluating medically determinable mental impairments. The special technique requires that an ALJ first determine whether a claimant has a medically determinable mental impairment and rate the degree of functional limitation in four areas: activities of daily living, social functioning, concentration/persistence/ pace, and episodes of decomposition. 20 C.F.R. § 404.1520a(b)-(c). The ALJ then determines the severity of the mental impairment, and "if the impairment is severe, proceeds to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder." *Keyser v. Comm. of*

*Soc. Sec.*, 648 F.3d 721, 725 (9th Cir. 2011) (citing 20 C.F.R. §

404.1520a(c)(1)&(2)).  The ALJ must document his application of the technique

in his written decision by "incorporating the pertinent findings and conclusions

based on the technique" and including "a specific finding as to the degree of

limitation in each of the functional areas."  *Id*.  As Judge Lynch found, the ALJ did

just that, and his assessment was supported by substantial evidence.

Pierce also argues that the ALJ erred in evaluating the opinions of treating

physicians Dr. Douglas Griffith and Dr. John Stephens.  Specifically, Pierce insists

that the ALJ erred by relying on Dr. Griffith's May 2006 opinion as opposed to his

November 2009 statement that supported Pierce's application for disability

benefits. Pierce argued that the May 2006 opinion did not relate to the relevant

time period as the July 2010 decision was final.  As discussed above, however, the

July 2010 decision was not final, and the medical improvement standard does not

apply.  Because Pierce's alleged disability resulted from an accident in March

2006, Dr. Griffith's May 2006 opinion fell within the relevant time period to be

considered by the ALJ.

Furthermore, Judge Lynch did not err in determining that the ALJ's failure

to specifically discuss Dr. Griffith's November 2009 written statement was

harmless error.  An error cannot be considered harmless "unless [a court] can

confidently conclude that no reasonable ALJ, when fully crediting that [evidence], could have reached a different disability determination." *Stout v. Commr. of Soc. Sec.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Dr. Griffith last saw Pierce in October 2006, and his November 2009 written statement was not supported by treatment notes or the fact that he had released Pierce to return to work with his May 2006 opinion. To the extent that the ALJ erred by not specifically discussing the November 2009 written statement and pointing out its inconsistencies with the May 2006 opinion, the error was harmless as it was "inconsequential to the ultimate non-disability determination in the context of the record as a whole." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

Pierce also argues that the ALJ erred by not giving more weight to the fact that Dr. Stephens did not release him to full time competitive employment. As Judge Lynch correctly concluded, however, the ALJ considered all of Dr. Stephens's opinions, including his March 2007 opinion that Pierce was at maximum healing and had no permanent restrictions and limitations. Dr. Stephens's opinions were also contradicted by his assertion in both his December 2007 and September 2009 opinions that he would concur with whatever Dr. Trontel recommended. Dr. Trontel wrote in January 2007 that Pierce "appeared capable of functioning in a wide variety of sales and services positions" and had

"a number of skills that might be applied to a plan of vocational placement." (Tr. 1323). The ALJ reasonably credited Dr. Trontel's opinion, to which Dr. Stephens deferred, and permissibly discounted Dr. Stephens's subsequent inconsistent opinion to the extent that they indicated that Pierce was not capable of working.

Pierce also argues that the ALJ did not provide sufficiently clear and convincing reasons for discrediting his testimony. The ALJ considered Pierce's testimony, but found his complaints of disabling limitations were not entirely credible based in part on the fact that Pierce had been able to maintain a snow plow business since 2006. The ALJ also found Pierce's allegation that his "mental capacity" precluded him from working was "simply unsupported especially in light of his comprehensive computer skills." (Tr. 24). The Court finds no clear error in Judge Lynch's agreement that these were sufficiently clear and convincing reasons, supported by substantial evidence, for finding Pierce less than entirely credible.

Finally, Pierce argues that the ALJ erred by disregarding lay witness statements written by his wife, another relative, and a vocational rehabilitation counselor. As recognized by Judge Lynch, it is well established in the Ninth Circuit that the "ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053. An ALJ need not, however, "discuss

every witness' testimony on an individualized, witness-by-witness basis." *Molina*, 674 F.3d at 1114. Moreover, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" *Id.* at 1122 (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)). While the ALJ did indeed consider the lay witness testimony in this case, he failed to provide specific reasons for rejecting them. The Court is in agreement with Judge Lynch that this was an error, as asserted by Pierce. However, the error is harmless because the same evidence that the ALJ referred to in discrediting Pierce's testimony also discredits the lay witnesses' statements. *Molina*, 674 F.3d at 1122.

Finding no clear error with Judge Lynch's Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 24) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Doc. 19) is DENIED and the decision of the Commissioner is AFFIRMED.

Dated this 20th day of November, 2014.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT